IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-4-BO

| | |
|---|---|
| THE CSC EMPLOYEE BENEFITS FIDUCIARY COMMITTEE, as Administrator and Fiduciary of the CSC SELF-INSURED EMPLOYEE WELFARE BENEFITS PLAN,<br>Plaintiff,<br>v.<br><br>CAROLYN AVERA, et al.,<br>Defendants. | **O R D E R** |

This matter is before the Court on motions to dismiss pursuant to Rule 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure filed by defendants Marcari, Russotto, Spencer and Balabam, P.C. and David R. Spencer (the MRSB defendants), [DE 15] and Carolyn Avera [DE 20]. Plaintiff has responded and the matters are ripe for ruling. Also before the Court is plaintiff's motion for entry of default against defendant Jessica Bell. [DE 21] For the reasons stated herein, the MRSB defendants' motion to dismiss is granted in full and Avera's motion to dismiss is granted in part and denied in part. Plaintiff's motion for entry of default is granted.

BACKGROUND

Plaintiff CSC Employee Benefits Fiduciary Committee (CSC) is the plan sponsor, administrator, and fiduciary of the CSC Employee Welfare Benefits Plan (the Plan). The Plan contains a subrogation and reimbursement provision requiring the covered employee or dependent to reimburse the plan from sums recovered from a third party for medical benefits paid for the treatment of injuries caused by the third party.

Defendant Carolyn Avera is a participant in the Plan who sustained injuries in an automobile accident on April 10, 2012, due to the negligence of defendant Jessica Bell. The Plan

paid no less than $29,014.05 for medical expenses on behalf of defendant Avera. Avera hired defendant Spencer and the law firm of MRSB to pursue recovery from Bell and her liability insurance carrier. Avera, with the help the MRSB defendants, settled her claims against Bell and the insurance carrier for the sum of $50,000. Defendants have not acknowledged the existence of the Plan's claims for reimbursement and subrogation.

CSC brought suit on January 6, 2015, seeking declaratory relief from all defendants (First Cause of Action), and injunctive and equitable relief under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1101 et seq., 29 U.S.C. §§ 1132(a), (e), (f), and (g) against defendants Avera, Spencer, and MRSB (Second and Third Causes of Action). Plaintiff also seeks compensatory damages based on state law claims of breach of contract against defendant Avera (Fourth Cause of Action), subrogation against defendant Bell (Fifth Cause of Action), and tortious interference with contract and conversion against defendants MRSB and Spencer (Sixth and Seventh Causes of Action).

The MRSB defendants moved to dismiss all claims against them, as did Avera. [DE 15, 20]. A motion for entry of default against defendant Bell also is pending. [DE 21].

DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at

555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

I.  Spencer and MRSB

A. ERISA Claims

Plaintiff claims that the MRSB defendants, as Avera's attorneys, are liable under ERISA. This Court has twice held that "an attorney's knowledge that a client was party to a subrogation agreement does not give rise to a claim against the attorney under [ERISA.]" *T.A. Loving Co. v. Denton*, 723 F.Supp.2d 837, 841 (E.D.N.C. 2010); *see also Great-West Life & Annuity Ins. Co. v. Bullock*, 202 F.Supp.2d 461 (E.D.N.C. 2002). Nevertheless, plaintiff argues that this Court should follow precedent set by the Fifth, Sixth, and Eleventh Circuits, which allow a plan to seek recovery from persons other than the plan beneficiary. *See, e.g, ACS Recovery Servs., Inc. v. Griffin*, 723 F.3d 518, 526 (5th Cir. 2013); *The Longaberger Co. v. Kolt*, 586 F.3d 459 (6th Cir. 2009); *Airtran Airways, Inc. v. Elem*, 767 F.3d 1192 (11th Cir. 2014).

Plaintiff's argument is unavailing. *Longaberger* was decided prior to this Court's decision in *Denton*, and *ACS Recovery* merely reaffirmed prior Fifth Circuit precedent. The argument that the legal landscape on this topic has changed since *Denton* was decided, therefore, fails. Moreover, none of the cases cited are binding on this Court. *Bullock* and *Denton* rely on the well-settled premise that "Congress intended courts to fill in [ERISA's] gaps by developing a federal common law of rights and obligations under ERISA-regulated plans." *Jenkins v.*

3

*Montgomery Indus., Inc.,* 77 F.3d 740, 743 (4th Cir. 1996).[1] Additionally, the facts in *AirTran* are distinguishable from those in the instant case. There, the court described third-party attorneys as "hardly innocent," given that they "tried to hide the full amount of the settlement asserted by AirTran." *AirTran,* 767 F.3d at 1199. Moreover, the plan in *AirTran* specifically included a broad description of "Responsible Party" from which plaintiff could recover. *Id.* at 1200. No such facts have been alleged here.

ERISA does not speak to attorney liability. Accordingly, it follows that the Court should look to North Carolina law to determine whether an attorney can be held liable under ERISA. "North Carolina courts are hesitant to hold attorneys liable for actions that impact non-client third-parties, as these third-parties are not in privity with the attorney's employment contract." *Bullock,* 202 F.Supp.2d at 464. Instead, "North Carolina courts would find an attorney liable where the attorney is a party or signatory to a plan/contract, he otherwise agrees to disburse funds in accordance with the plan, or his refusal to distribute proceeds to the Plan was the result of negligence or was coupled with bad faith." *Id.* at 465. As discussed in *Denton*, nothing in the Supreme Court's subsequent decision in *Sereboff v. Mid Atl. Med. Servs., Inc.,* 547 U.S. 356 (2006), undermines *Bullock's* conclusion. *Denton,* 723 F.Supp.2d at 841 (explaining that *Sereboff* "does not indicate that an ERISA regulated plan may seek reimbursement from an attorney who is not a party to the plan or guilty of obtaining the proceeds of the insured's claim through wrongdoing"). In fact, *Sereboff* is particularly inapposite given that the parties stipulated to the use of federal, rather than state, law. 407 F.32d at 216 n.3.

---

[1] Though *Jenkins* concerned application of state law to define a term in an ERISA benefit plan, nothing in the decision indicates that its reasoning was limited solely to terms in a plan as long as the state law is "compatible with national policies underlying [ERISA]." 77 F.3d at 743–44.

4

The Court is aware that *Barnhill Contracting Co., Inc. v. Oxendine*, No. 7:14-CV-211-FL, 2015 WL 2227848 (E.D.N.C. May 12, 2015), recently held that an attorney may be held liable under ERISA for disbursing settlement funds. Because ERISA is silent as to attorney liability, and because neither *Sereboff* nor *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000), discuss attorney liability, this Court finds that finds that *Bullock* and *Denton* provide the proper test. As there is no evidence that either MRSB or Spencer was a signatory to the Plan, otherwise agreed to disburse funds in accordance with the Plan, or wrongfully enabled the beneficiary to avoid plaintiff's claim, defendant's motion to dismiss the ERISA claims as to the MRSB defendants is granted.

B. State Law Claims

Defendants also urge dismissal of plaintiff's state law claims of tortious interference with contract and conversion. Given the Court's ruling that plaintiff has pled no claims against MRSB and Spencer under ERISA, *supra*, "[plaintiff] is not barred from pursuing its state law claims against these defendants." *Mid-Atl. Med. Servs., Inc. v. Do*, 294 F.Supp.2d 695, 703 (D. Md. 2003). The Court likewise rejects defendants' argument that North Carolina public policy renders them immune from suit. While it is undoubtedly against North Carolina public policy to hold an attorney liable for failure to protect the rights of an adverse party, *see Cullen v. Emanuel & Dunn, PLLC*, 731 S.E.2d 274, (N.C. Ct. App. 2012), at the time the MRSB defendants represented Avera in her personal injury claims against Bell, the Plan was not an adverse party. In fact, North Carolina has specifically codified the obligation of an attorney to a third-party lienholder in certain contexts. *See* N.C.G.S. § 44–49 (creating a lien over personal injury settlement proceeds in favor of medical provides); N.C.G.S. § 44–50 (creating liability on the part of attorneys who distribute personal injury settlements without protecting the lienholders).

5

Accordingly, it is clear that holding an attorney liable for failure to protect a third-party lienholder's rights is not against public policy in North Carolina.

The Court next considers the merits of plaintiff's state law claims. Under North Carolina law, the elements of tortious interference with contract are:

> (1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damages to the plaintiff.

*Embree Const. Grp., Inc. v. Rafcor, Inc.*, 411 S.E.2d 916, 924 (N.C. 1992). Defendants argue that plaintiff has not alleged facts sufficient to satisfy the intentional inducement element of the tortious interference with contract claim. The Court agrees. Plaintiff merely alleges that "by disbursing the settlement funds without taking measures to protect the Plan's rights . . . and by taking such other wrongful actions as may be shown at trial," defendants induced Avera to breach her contract." [DE 1, ¶¶ 13, 55]. Thought the Court must take as true plaintiff's factual allegations, it is not bound to accept legal conclusions. *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). Plaintiff has alleged no facts in support of its contention that the MRSB defendants intentionally induced Avera to breach the contract. Plaintiff merely states a legal conclusion. Accordingly, defendants' motion to dismiss the tortious interference claim is granted.

"Conversion . . . has long been defined by the Supreme Court of North Carolina as 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.'" *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 190 (4th Cir. 2007) (quoting *Peed v. Burleson's Inc.*, 94.S.E.2d 351, 353 (N.C. 1956)). "Conversion necessarily involves an intentional act, though the intention need not be wrongful; the tort requires that the actor act in some manner toward

6

personal property that actually belongs to another." *Marlen C. Robb & Son Boatyard & Marina, Inc. v. Vessel Bristol*, 893 F.Supp. 526, 543 (E.D.N.C. 1994). Plaintiff has alleged its ownership by virtue of equitable lien in the settlement proceedings and has alleged that the MRSB defendants are in possession of some or all of such funds. North Carolina courts, however, do not recognize conversion claims arising from the assertion of equitable liens. *Group Health Plan for Employees of Barnhill Contracting Co. v. Integon Nat'l Ins. Co.*, 714 S.E.2d 866, 2011 WL 3570054 (N.C. Ct. App. 2011). Accordingly, plaintiff's conversion claim is not cognizable and must be dismissed.

II.   Avera

Avera first argues that plaintiff failed to sufficiently allege that the Plan gives it a right of subrogation or recovery because plaintiff's complaint references language from the CSC Employee Benefits Guidebook, rather than from the Plan itself. An ERISA plan administrator may have a right of subrogation and recovery under a self-funded health benefit plan if the terms thereof so provide. *U.S. Airways, Inc. v. McCutchen*, 133 S.Ct. 1537, 1548 (2013). Plaintiff is correct that the right of recovery cannot be based upon an employee benefits guidebook or summary plan description. *See, e.g., CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1877–78 (2010); *Corsey v. Prudential Ins. Co. of Am.*, 735 F.3d 161, 168 n.4 (4th Cir. 2014).

The complaint states that "[t]he Plan enjoys rights of subrogation and reimbursement as set forth in the Plan documents and summarized in the CSC Employee Benefits Guidebook, the relevant portions of which are attached hereto as Exhibit A." [DE 1, ¶ 11]. Plaintiff has clearly alleged that the reimbursement and subrogation rights arise from the terms of the Plan documents rather than the Guidebook. Although CSC has not attached any evidence thereto, at this stage, its allegations must be taken as true. *Kunda v. C.R. Bard, Inc.*, 671 F.3d 464, 467 (4th Cir. 2011)

citing *Twombly*, 550 U.S. at 572. Accordingly, Avera's motion to dismiss plaintiff's ERISA claim is denied.

Avera also moves to dismiss plaintiff's breach of contract claim, arguing that its remedies are limited only to equitable relief provided under § 502(a)(3) of ERISA. Plaintiff forewent its right to respond. It is well understood that "ERISA's carefully crafted and detailed enforcement scheme provides strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (internal quotations omitted). Section 502(a)(3) authorizes only equitable relief. 29 U.S.C. § 1132(a)(3). As in *Knudson*, plaintiff seeks "to impose personal liability on respondents for a contractual obligation to pay money—relief that was not typically available in equity." *Knudson*, 534 U.S. at 210. Accordingly, plaintiff's breach of contract claim is not actionable and must be dismissed. *See id.* at 220–21 (holding that § 502(a)(3) does not authorize "the imposition of personal liability on respondents for a contractual obligation to pay money"); *see also Sereboff v. Mid Atl. Med. Servs.*, 547 U.S. 356, 364 (2006)

In sum, Avera's motion to dismiss is granted as to the breach of contract claim (Fourth Cause of Action) and denied as to the remaining argument that plaintiff failed to sufficiently allege that the Plan gives it a right of subrogation or recovery.

III. Bell

Plaintiff has filed a motion for entry of default against defendant Bell. [DE 21]. Plaintiff served a copy of the complaint and summons on Bell on January 9, 2015. [DE 5]. Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, the time for Bell to respond or plead to the complaint has expired. Accordingly, defendant Bell is subject to entry of default as provided by Rule 55(a) of the Federal Rules of Civil Procedure. Though Rule 55(a) provides that default

should be entered by the clerk, that Rule is no limitation on the power of the Court to enter an order of default. *See, e.g., Fisher v. Taylor*, 1 F.R.D. 448 (E.D. Tenn. 1940); *United States, for and in Behalf of Fed. Hous. Admin. v. Jackson*, 25 F.Supp. 79 (D. Or. 1938). Accordingly, default is entered against defendant Bell.

## CONCLUSION

For the foregoing reasons, MRSB and Spencer's motion to dismiss is GRANTED. Avera's motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's breach of contract claim against Avera is DISMISSED. Default is entered against defendant Jessica Leigh Bell.

SO ORDERED, this **30** day of June, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9

Case 5:15-cv-00004-BO   Document 28   Filed 07/01/15   Page 9 of 9